UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Harold E. Montague,<br><br>   Plaintiff<br><br>v.<br><br>Mr. Jackson, et al.,<br><br>   Defendants | 2:16-cv-01680-JAD-CWH<br><br>**Order Screening Complaint and Denying Motion for Appointment of Counsel**<br><br>[ECF No. 3] |

Nevada state-prison inmate Harold E. Montague has submitted a civil-rights complaint along with an application to proceed *in forma pauperis* and a motion for appointment of counsel. I temporarily defer the matter of the filing fee, screen Montague's complaint, permit his excessive-force claim to proceed, dismiss his deliberate-indifference and due-process claims without prejudice and with leave to amend, and give Montague until April 22, 2017, to file an amended complaint.

**Discussion**

A.  **Screening Standards**

The PLRA directs federal courts to conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or an employee of a governmental entity.[1] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[2] To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States and (2) that the alleged violation was committed by a person acting under color of state law.[3] Pro se pleadings, however, must be liberally construed.[4]

---

[1] *See* 28 U.S.C. § 1915(a).

[2] *See* 28 U.S.C. § 1915A(b)(1)(2).

[3] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[4] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standards under § 1915 when reviewing the adequacy of a prisoner's complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions for curing its deficiencies unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.[5]

**B.     Screening Montague's complaint**

Montague sues defendants Mr. Jackson and Dr. Racoma for events that allegedly took place while Montague was incarcerated at the Ely State Prison and the High Desert State Prison.[6] Montague alleges three counts and seeks monetary damages.[7]

Montague alleges the following: the District Court of Clark County ordered Montague to receive mental-health treatment during his incarceration in the Nevada Department of Corrections.[8] On one occasion, Montague became disoriented from his medications and fell down a flight of metal stairs.[9] He periodically refused to take his medications because "his blood levels were not getting checked as they were supposed to be" and he believed the dosages were incorrect.[10] Montague was unable to discuss these issues with a mental-heath professional before defendant Mr. Jackson, who is not a licensed psychiatrist, "dismissed" Montague from treatment and discontinued his medications.[11] If there was any kind of hearing before Montague was dismissed from mental-health

---

[5] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[6] ECF No. 1-1 at 1.

[7] *Id.* at 4–6, 9. Inmate James K. McCallum helped prepare this complaint. *Id.* at 9.

[8] *Id.* at 3–4.

[9] *Id.* at 4.

[10] *Id.*

[11] *Id.* at 4–5.

treatment, he was not notified or given the opportunity to defend himself.[12]  Mr. Jackson's actions violated the state court's order that Montague should receive mental-health treatment.[13]  After being taken off his medications, Montague suffered a mental breakdown,[14] and defendant Dr. Racoma had the prison Special Emergency Response Team beat up and forcibly medicate him.[15]        In count one, Montague alleges that he suffered cruel and unusual punishment in violation of his Eighth Amendment rights.[16]  In count two, he alleges that defendants violated his Fourteenth Amendment due-process rights.[17]  In count three, Montague alleges that defendants violated his First Amendment rights to freedom of speech and to peacefully protest.[18]  I broadly construe Montague's allegations as asserting claims for deliberate indifference to serious medical needs, excessive force, and due-process violations, and I discuss each in turn.

A. **Deliberate indifference to serious medical needs**

A prisoner who claims inadequate medical care must show that prison officials were deliberately indifferent to his serious medical needs.[19]  A plaintiff can prevail on a deliberate-indifference claim if he can show that prison officials denied, delayed, or intentionally interfered with medical treatment and that the delay or interference caused further injury.[20]  Indifference to a prisoner's medical needs must be substantial; mere indifference, negligence, medical malpractice, or

---

[12] *Id.*

[13] *Id.* at 4.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 4.

[17] *Id.* at 5.

[18] *Id.* at 6.

[19] *Estell v. Gamble*, 429 U.S. 97, 104 (1976).

[20] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

even gross negligence are insufficient to establish deliberate indifference.[21]  A mere difference of medical opinion likewise does not suffice;[22] a prisoner must instead show that the course of treatment chosen was medically unacceptable under the circumstances and taken in conscious disregard to his health.[23]

I dismiss Montague's deliberate-indifference claim without prejudice and with leave to amend because the allegations in his complaint are too thin to allow me to determine whether prison officials were deliberately indifferent to his serious mental-health needs.  If Montague chooses to amend his complaint, he must keep the above standards in mind.  He must also include the approximate dates of when he started his mental-health treatment, when he was dismissed from treatment, when he fell down the flight of metal stairs, and when he suffered a mental breakdown.  Upon amendment, Montague must also explain what types of medications he was taking, when and how he attempted to raise his concerns about these medications with prison officials, and their responses.  Finally, to the extent that Montague is relying on the state-court order directing that he receive mental-health treatment, Montague should provide more details about the context and contents of that order.

**B.     Excessive force**

Excessive-force claims under the Eighth Amendment turn on whether the force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm.[24]  In determining whether the use of force was wanton and unnecessary, courts consider the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the

---

[21] *Conn v. City of Reno*, 591 F.3d 1081–82 (9th Cir. 2009).

[22] *See Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

[23] *See Toguchi v. Chung*, 291 F.3d 1051, 1058 (9th Cir. 2004).

[24] *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)).

severity of a forceful response.[25]  Although an inmate need not have suffered serious injury to bring an excessive-force claim, *de minimis* uses of force are not actionable.[26]

Montague states a colorable excessive-force claim against against Dr. Racoma.  He alleges that the doctor directed the prison Special Emergency Response Team to beat him up.  Accordingly, this claim will proceed against Dr. Racoma.

**C.    Due process**

Though "the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest,"[27] certain procedural protections must be afforded to ensure that the decision to medicate an inmate against his will is neither arbitrary nor erroneous.[28]  The Supreme Court has held that notice, the right to be present at an adversary hearing, and the right to present and cross-examine witnesses are sufficient, and a judicial decisionmaker is not required.[29]

I dismiss Montague's due-process claim without prejudice and with leave to amend because I am unable to tell from his allegations whether the procedures he was afforded were sufficient.  Upon amendment, Montague must include the date of when he was forcefully medicated, what medication he was forced to take, whether he was given a hearing to determine whether he could refuse treatment, and what procedures were followed at that hearing.

**D.    Leave to amend**

Montague is granted leave to file an amended complaint to cure the deficiencies outlined in this order.  If Montague chooses to file an amended complaint, he is cautioned that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in

---

[25] *Hudson*, 503 U.S. at 7.

[26] *Id*. at 9–10.

[27] *Washington v. Harper*, 494 U.S. 210, 227 (1990).

[28] *Id*. at 228, 236.

[29] *Id*. at 235.

itself.[30]  Montague's amended complaint must therefore contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit.  Montague must file the amended complaint on this court's approved prisoner civil-rights form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.  If Montague chooses to file an amended complaint, he must do so by April 22, 2017.  If Montague fails to file an amended complaint by this deadline, this case will proceed on his excessive-force claim against Dr. Racoma only.

E. **Motion for appointment of counsel**

Montague also moves for appointment of counsel.[31]  There is no constitutional right to appointed counsel in § 1983 actions.[32]  But "[t]he court may request an attorney to represent any person unable to afford counsel"[33] in "exceptional circumstances."[34]  In making this determination, courts consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."[35]  I do not find that there are exceptional circumstances warranting the appointment of counsel in this case, so I deny the motion.

---

[30] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[31] ECF No. 3.

[32] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

[33] 28 U.S.C. § 1915(e)(1).

[34] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).

[35] *Id.*

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that a decision on Montague's application to proceed *in forma pauperis* **[ECF No. 1] is DEFERRED**, and his motion for appointment of counsel **[ECF No. 3] is DENIED.**

IT IS FURTHER ORDERED that the Clerk of Court is directed to FILE the complaint [ECF No. 1-1].

IT IS FURTHER ORDERED that Montague's deliberate-indifference and due-process claims are dismissed without prejudice and with leave to amend; his excessive-force claim will proceed against Dr. Racoma.

IT IS FURTHER ORDERED that if Montague chooses to file an amended complaint curing the deficiencies outlined in this order, he must do so by **April 22, 2017.  If Montague fails to file an amended complaint by this deadline, this case will proceed on his excessive-force claim against Dr. Racoma only.**

IT IS FURTHER ORDERED that the Clerk of Court is directed to SEND to Montague the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint [ECF No. 1-1].  If Montague chooses to file an amended complaint, he must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

Dated: March 22, 2017.

_____
Jennifer A. Dorsey
United States District Judge