UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HAROLD E. MONTAGUE,<br><br>        Plaintiff,<br>v.<br>MR. JACKSON, *et al.*,<br><br>        Defendants. | Case No. 2:16-cv-01680-JAD-CWH<br><br>ORDER |

## I. DISCUSSION

On April 26, 2018, the Court issued a screening order (ECF No. 9) in which it screened the first amended complaint. In that screening order, the Court determined that some claims would proceed, and it dismissed some claims without prejudice. (*Id.* at 7). The Court also ordered this action to be stayed until July 25, 2018 to allow the parties an opportunity to engage in mediation and settle their dispute. (*Id.*) The Court specifically stated that, during the 90-day stay, "no other pleadings or papers may be filed in this case." (*Id.*) Despite this order, on May 23, 2018, Plaintiff filed a "third amended complaint."[1] (ECF No. 11).

Plaintiff is reminded that an amended complaint must be complete in itself and it entirely supersedes and replaces any earlier complaints. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Thus, an amended

---
[1] The Court notes that Plaintiff has identified this complaint as a "third amended complaint," but there is no second amended complaint.

1

complaint must contain all claims, defendants, and factual allegations that Plaintiff may pursue in the lawsuit. Therefore, Plaintiff is advised that, if he goes forward with the third amended complaint (ECF No. 11), the Court will consider only that complaint. There is no guarantee that, after screening the third amended complaint (ECF No. 11), the Court will allow any claims to proceed. Furthermore, the third amended complaint would go in line for a new screening order. Due to the Court's caseload, the Court would not screen the third amended complaint (ECF No. 11) for months. In addition, if Plaintiff goes forward with the third amended complaint, the mediation and opportunity for settlement ordered in the Court's April 26, 2018 screening order would be terminated, as that screening order was based on the first amended complaint.

The Court therefore will give Plaintiff an opportunity to decide whether he wishes: 1) to go forward with the first amended complaint and the mediation on the first amended complaint as ordered in this Court's April 26, 2018; **or** 2) to abandon the first amended complaint and the ordered mediation and instead have the Court screen the third amended complaint (ECF No. 11) filed on May 23, 2018. Plaintiff must notify the Court by June 22, 2018 which course of action he chooses to take.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that, by June 22, 2018, Plaintiff must inform the Court whether he chooses: 1) to go forward with the first amended complaint and the mediation on the first amended complaint as ordered in this Court's April 26, 2018; **or** 2) to abandon the first amended complaint and the ordered mediation and instead have the Court screen the third amended complaint (ECF No. 11), which was filed on May 23, 2018.

IT IS FURTHER ORDERED that, if Plaintiff fails to notify the Court of his choice by June 22, 2018, the Court will go forward with the mediation and the first amended complaint.

IT IS FURTHER ORDERED that the Clerk of the Court shall send Plaintiff a copy of this order, a copy of its April 26, 2018 screening order (ECF No. 9), a copy of the first amended complaint (ECF No. 6), and a copy of Plaintiff's third amended complaint filed on May 23, 2018 (ECF No. 11).

IT IS FURTHER ORDERED that, if Plaintiff chooses to proceed on the third amended complaint, Defendants do not have to take any action in this case until further ordered by the Court.

DATED THIS 30 day of May 2018.

_____
UNITED STATES MAGISTRATE JUDGE