# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Harold E. Montague,

    Plaintiff

v.

Jackson, et al.

    Defendant

Case No.: 2:16-cv-01680-JAD-DJA

**Order Granting Defendant Dr. Racoma's Motion for Summary Judgment**

[ECF No. 58]

    Pro se plaintiff Harold Montague was forced to take psychotropic medication while housed at High Desert State Prison (HDSP). He sues several HDSP personnel under 42 U.S.C. § 1983, alleging that he was denied his right to due process by being forced to take the medication against his will and that the staff administering his medication used excessive force against him in violation of the Eighth Amendment. Dr. Agapito Racoma, the lone remaining defendant, moves for summary judgment, arguing that Montague lacks evidence to support his claims and that he is entitled to qualified immunity. Montague failed to oppose the motion and Dr. Racoma has shown that he is entitled to summary judgment as a matter of law. So I grant Dr. Racoma's motion and close this case.

**Background**

    Montague was ordered to receive mental-health treatment during his incarceration by the Nevada Department of Corrections (NDOC). When he refused to take his prescribed psychotropic medication, HDSP medical officials arranged for a Medical Review Panel on Involuntary Psychotropic Medication. According to NDOC administrative regulations, when an inmate is a danger to himself and others, medical staff may recommend forced treatment. In those circumstances, an independent panel is appointed "to review, approve, defer, or disapprove

any proposed use of forced medical treatment . . . ."[1]  The panel must include a psychiatrist "who is not the treating psychiatrist," the warden (or a designee), a mental health specialist, and any other necessary personnel.[2]  In Montague's case, such a panel was convened on April 19, 2016, and Dr. Racoma was that panel psychiatrist.[3]  Montague was present for the hearing, and the panel interviewed him for approximately one hour and took into consideration any concerns that he presented.[4]  The panel also reviewed Montague's medical file and the assessment completed by his treating psychiatrist Dr. Sebastian Ornopia.[5]  The panel noted that Montague felt he didn't need medication, but agreed with Dr. Ornopia's assessment and denied Montague's right to refuse the medication.[6]

The next day, Dr. Hoover went with medical staff to try to encourage Montague to cooperate and receive the injection of psychotropic medication voluntarily.[7]  Montague refused to speak to Hoover or allow HDSP staff to inject him.[8]  So, a CERT team[9] placed Montague face-down on a mattress while a nurse injected the medication.[10]

---

[1] ECF No. 31-1 at 4.
[2] *Id.*
[3] ECF No. 58-1 at 4.
[4] *Id*.
[5] *Id*.
[6] *Id*.
[7] ECF No. 31-4 at 4.
[8] *Id.* at 4–5.
[9] Neither party explains what "CERT" stands for and Montague's complaint uses the abbreviation "SERT" to describe this team.
[10] ECF No. 31-4 at 5.

2

Montague brings this civil-rights action, asserting two theories of recovery: (1) Eighth Amendment excessive-force and (2) Fourteenth Amendment due-process claims.[11] Dr. Hoover successfully moved for summary judgment, leaving only Montague's claims against Dr. Racoma,[12] who now moves for summary judgment.[13] Montague's deadline to respond to that motion passed two months ago without any response or request to extend the deadline to file one.

**Analysis**

A.  **Summary-judgment standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[14] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[15] If reasonable minds could differ on material facts, summary judgment is not appropriate and the case must proceed to trial.[16] If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[17] "To defeat summary judgment, the nonmoving

---

[11] ECF No. 9.

[12] ECF No. 44.

[13] ECF No. 58.

[14] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[15] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[16] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[17] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."[18]

The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences.[19] As Rule 56(e) explains, "If a party fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ."[20]

**B.  Excessive force**

Montague's first claim for relief alleges that excessive force was used against him in violation of the Eighth Amendment. He does not allege that Dr. Racoma used force himself. Rather, he alleges that Dr. Racoma ordered Dr. Hoover to have "the prison SERT [sic] team rush [his] cell, shocked him with a shield, beaten up, and forced mediated with Haladol" while Montague was having a "mental breakdown."[21]

Nobody denies that some force was used to give Montague his medication. But the record establishes that Racoma was not responsible for that force. Dr. Racoma declares that he was not present when Montague was forcibly medicated, was not part of the team that physically restrained Montague, and did not administer the injection.[22] He adds that he was not the person who ordered NDOC staff to restrain Montague in order to administer the medication—indeed,

---

[18] *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).
[19] *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).
[20] Fed. R. Civ. P. 56(e)(2) & (3); *Heinemann*, 731 F.3d at 917.
[21] ECF No. 6 at 5.
[22] ECF No. 58-1 at 5.

4

because Montague wasn't under his direct care, Dr. Racoma states that he lacked the authorization to make such an order. He concludes that he "did not participate in or order any force, excessive or otherwise, to be used on Plaintiff Montague" and he did not "participate in the involuntary administration of medication of Plaintiff Montague in violation of his due process rights."[23] Because Montague has failed to respond to this motion and Dr. Racoma's declaration, I consider these facts undisputed for purposes of this motion and grant summary judgment in Dr. Racoma' favor on Montague's excessive-force claim.

**C.    Due process**

Montague's second claim for relief alleges that he was forced to take psychotropic medications against his will in violation of the Fourteenth Amendment's Due Process Clause. Though "the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest,"[24] certain procedural protections must be afforded to ensure that the decision to medicate an inmate against his will is neither arbitrary nor erroneous.[25] The Supreme Court held in *Washington v. Harper* that notice, the right to be present at an adversary hearing, and the right to present and cross-examine witnesses are sufficient, and a judicial decisionmaker is not required.[26]

---

[23] *Id.*

[24] *Washington v. Harper*, 494 U.S. 210, 227 (1990).

[25] *Id.* at 228, 236.

[26] *Id.* at 235.

5

Montague "insists there was no hearing, or, if there was one, he was not present at it."[27] But Dr. Racoma argues—and this court has already held—that the record belies Montague's claim. Indeed, in granting Dr. Hoover's summary-judgment motion, this court found:

> Montague was present at a hearing the day before the medication was administered. At that hearing, an independent medical review panel reviewed his medical records (including an assessment prepared by Montague's doctor), interviewed Montague, let Montague present concerns, and ultimately concurred with the assessment that Montague needed psychotropic medication. This review was in line with prison regulations that require a panel to review and approve or disapprove proposed forced medical treatment. These regulations, in turn, are consistent with *Washington*'s standards. Despite Montague's protests, his doctor and the independent panel agreed that he needed the medication to avoid being a danger to himself or others.[28]

Dr. Racoma supplements the evidentiary record with his own declarations that the hearing occurred—indeed, the review panel "interviewed Plaintiff Montague for approximately one hour and took into consideration any concerns he presented."[29] As Montague failed to respond to this motion, I take this fact as established for purposes of this motion. Montague therefore fails to show a dispute of material fact as to whether the hearing violated his due-process rights. I therefore grant summary judgment in Dr. Racoma's favor on Montague's remaining due-process claim.[30]

---

[27] ECF No. 58 at 9.

[28] ECF No. 44 at 7.

[29] ECF No. 58-1 at 4.

[30] Because I grant summary judgment based on the absence of issues of fact on either claim, I need not and do not reach Dr. Racoma's qualified-immunity argument. *See* ECF No. 58 at 12.

**Conclusion**

IT IS THEREFORE ORDERED that Dr. Racoma's motion for summary judgment **[ECF No. 58] is GRANTED.** And because this order terminates all remaining claims, IT IS FURTHER ORDERED that the Clerk of Court is directed to CLOSE THIS CASE.

Dated: February 6, 2020

_____
U.S. District Judge Jennifer A. Dorsey